UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ALEX JIVAN,

            Plaintiff,

   v.

HARTFORD CASUALTY INSURANCE COMPANY, a New Jersey corporation; MAURA MALLIET, an individual; JEFF MORRIS, an individual; JOHN JACOWICZ, an individual; and ROBERT O'SHAUGHNESSY, an individual,

            Defendants.

                                      NO. CIV. S-05-332 LKK/KJM

                                      O R D E R

    This matter is before the court on the petition of defendant Hartford Casualty Insurance Company ("defendants") for removal predicated upon the court's diversity jurisdiction. See 28 U.S.C. § 1332. This court has an independent duty to ascertain its jurisdiction and may remand sua sponte for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c). Having invoked the removal statute, the defendants bear the burden of establishing this

1

1  court's jurisdiction.  See Emrich v. Touche Ross & Co., 846 F.2d
2  1190, 1195 (9th Cir. 1988).  As I explain below, defendant has
3  failed to meet this burden.
4     Diversity jurisdiction requires complete diversity of
5  citizenship among the parties, as well as a minimum amount in
6  controversy of over $75,000.  See id.  While it appears that
7  diversity of citizenship is satisfied, defendant has not met its
8  burden of demonstrating that the amount in controversy exceeds
9  $75,000.  Plaintiff, Alex Jivan, filed a complaint on January 24,
10 2005 in Sacramento Superior Court alleging twelve causes of action
11 relating to his termination in August 2003.  Nowhere in his
12 complaint does plaintiff assign a value to the relief he seeks.
13 "Where it is not facially evident from the complaint that more than
14 $75,000 is in controversy, the removing party must prove, by a
15 preponderance of the evidence, that the amount in controversy meets
16 the jurisdictional threshold."  Matheson v. Progressive Specialty
17 Insurance Co., 319 F.3d 1089, 1090 (9th Cir. 2003); see Sanchez v.
18 Monumental Life Insurance Co. , 95 F.3d 856, 860 (9th Cir. 1996).
19    Defendant concedes that the complaint "does not allege a
20 specific amount in controversy," but asserts that the amount in
21 controversy exceeds $75,000 because plaintiff was earning an annual
22 salary of $126,040 as of the date of termination, and "had
23 plaintiff remained employed . . . plaintiff would have been paid
24 approximately $183,808.45 in total gross regular wages."  Defendant
25 also notes that plaintiff's prayer for relief seeks damages for
26 emotional distress, punitive damages, and attorney's fees and

1  costs. Def.'s Not. of Removal at 4. Finally, defendant submits
2  a survey of California jury verdicts in employment cases and note
3  that "both the average jury award and median jury award for
4  employment cases have always exceeded $75,000." Def.'s Exh. E.
5  Defendants have failed to prove, by a preponderance of the
6  evidence, that the amount in controversy meets the jurisdictional
7  threshold.
8      First, defendant merely estimates the amount in controversy
9  based on plaintiff's income and earnings, without specifically
10 discussing its potential liability as to plaintiff's claims.
11 "[S]peculative argument regarding the potential value of the award
12 is insufficient" to establish the amount in controversy. Conrad
13 Associates v. Hartford Accident & Indemnity Co., 994 F.Supp. 1996,
14 1198 (N.D. Cal. 1998) (citing Gaus v. Miles, 980 F.2d 564, 567 (9th
15 Cir. 1992)). Secondly, while it is true that plaintiff seeks
16 damages for punitive damages, emotional distress, attorney's fees
17 and other costs, defendant has failed to provide adequate analysis
18 as to why this court should consider these damages in calculating
19 the amount in controversy. Finally, defendant attaches a survey of
20 verdicts in employment cases to this removal petition without
21 discussing why the cases in the survey are similar to the above-
22 captioned case.
23     "Because the 'removal statutes are strictly construed against
24 removal,' Libhardt v. Santa Monica Dairy Co., 592 F.2d 1062, 1064
25 (9th Cir. 1979), generally speaking doubts about removal must be
26 resolved in favor of remand." Dodd v. John Hancock Life Ins. Co.,

1 | 688 F. Supp. 564, 566 (E.D. Cal. 1988); see Matheson, 319 F.3d at
2 | 1090. Since defendant has not adequately established the amount
3 | in controversy in the case at bar, the court lacks subject matter
4 | jurisdiction and must remand the case. See 28 U.S.C. § 1447(c).
5 |     For the foregoing reasons, the court hereby ORDERS the above-
6 | captioned case REMANDED to the Superior Court of the State of
7 | California in and for the County of Sacramento.
8 |     IT IS SO ORDERED.
9 |     DATED: April 18, 2005.

/s/Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

4